CASE 48—INDICTMENT FOR NUISANCE—SEPTEMBER 30.

# Commonwealth v. Illinois Central R. R. Co.

APPEAL FROM CARLISLE CIRCUIT COURT.

INDICTMENT FOR NUISANCE—FAILURE TO REPLACE OVERHEAD BRIDGE.—The appellee was indicted for public nuisance committed by removing an overhead bridge belonging to it by which a public road was carried over its track, and failing to replace same within three months. A demurrer was sustained to the indictment for the reason that the common law jurisdiction to punish for nuisance was repealed by statute. On appeal it is now held:

First. That section 4306 of the Kentucky Statutes giving to the Fiscal Court of each county "general charge and supervision of the public roads and bridges therein" does not operate to vest in the county and quarterly courts exclusive jurisdiction of the offense of obstructing public roads.

Second. Section 4325 of Kentucky Statutes, which is as follows: "Any corporation, company or individual who may, by

unusual use of a road, materially damage the same, shall re-
pair all damages caused by the use of such road or roads. The
supervisor or overseer of roads shall, at any time when neces-
sary, notify said corporations, companies or individuals of their
duty as provided in this section; and should the said parties.
so notified fail, in a reasonable length of time, to be fixed in
the notice, to make such repairs, such parties shall be deemed
guilty of obstructing the public roads, and shall be subject to
a fine of not exceeding one hundred dollars, to be applied to
road purposes," does not operate to repeal and supplant the
common law remedy for the obstruction of public roads.

Third. Nor does section 4325 of the same, providing that "any
person who shall willfully obstruct, injure or destroy any of
said public roads or bridges, . . . . or who shall without right
take possession of or use or appropriate the same, shall be
fined for each offense not less than five nor more than fifty
dollars, to be recovered in like manner as fines against con-
tractors, and shall also be made liable in a civil action for
double damages to the county, or any person aggrieved or in-
jured, to be recovered in any court in the county having juris-
diction of the amount claimed," vest in the quarterly court ex-
clusive jurisdiction of the offense; but

Fourth. The indictment in this case was fatally defective in
failing to allege that the appellee failed to restore the bridge
in the shortest practicable time.

H. J. MOORMAN FOR APPELLANT.

The contention of the appellee that by the passage of the act
incorporated in the Kentucky Statutes, chapter 110, entitled
roads and passways (and more particularly section 4335 of said
chapter) repealed or took away the common law remedy of
nuisance created by the obstruction of the public highways, is
not sound. It does not repeal the common law remedy in ex-
press terms, and therefore either jurisdiction may be invoked.
L. & N. R. R. Co., v. Com., 16 Ky. Law Rep., 347 and authorities;
Am. & Eng. Enc. of Law, vol. ——, p. 489, 490, 491, 492; Com.
v. Cain, 14 Bush, 533; E. & P. R. R. Co. v. Trustees of Eliza-
bethtown, 12 Bush, 233; I. C. R. R. Co. v. Com., 20 Ky. Law
Rep., 115; Eccles v. Stevens, 3 Bibb., 518; Lillard v. McGee, 4
Bibb., 167; Paducah & Elizabethtown R. R. Co. v. Com., 80 Ky.,
147.

BUGG & WICKLIFFE FOR APPELLEES.

> Section 4306 of the Kentucky Statutes taken in connection with the whole enactment on the subject of roads and passways, found in chapter 110 of Kentucky Statutes, has the effect to take away from the Circuit Court all original jurisdiction over highways, and the various County or Quarterly Courts alone have authority to punish offenses against the maintenance of good roads and the keeping of same free from obstruction, or from the destruction or injury to same. Ky. Stat., secs. 4306, 4316, 4325, 4335; L. & N. R. R. Co. v. Com., 16 Ky. Law Rep., 347; Wood on Nuisance, sec. 12.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Indicted for maintaining a nuisance by tearing down and keeping down for three months an overhead bridge where a public road crossed its track, the appellee succeeded in having its demurrer to the indictment sustained upon the ground that chapter 110 of the Kentucky Statutes on the subject of "Roads and Passways," has repealed and supplanted the common law remedy for the obstruction of public roads, and has vested exclusive jurisdiction of such offenses in County and Quarterly Courts. The first section of that chapter, to which we are referred as tending to support this conclusion, is that wherein the fiscal court of each county is given "general charge and supervision of the public roads and bridges therein," and is charged with prescribing "the necessary rules and regulations for repairing and keeping same in order, and for the proper management of all roads and bridges." Section 4306. This section is clearly no departure from the old law on the same subject, and we think has no reference whatever to the jurisdiction of such criminal courts as may be charged with the enforcement of the penal statutes on the subject of obstructing public roads. We are also referred to section 4325, Ky. Stats., which is

as follows: "Any corporation, company or individual who may, by unusual use of a road, materially damage the same, shall repair all damages caused by the use of such road or roads. The supervisor or overseer of roads shall, at any time when necessary, notify said corporations, companies or individuals of their duty as provided in this section; and should the said parties so notified fail, in a reasonable length of time, to be filed in the notice, to make such repairs, such parties shall be deemed guilty of obstructing the public roads, and shall be subject to a fine of not exceeding one hundred dollars, to be applied to road purposes." We do not think this statute has any application to the case at hand. To tear down, and keep down unreasonably long, the overhead bridge which constituted a part of the highway over the railway track is not an "unusual use of the road," within the meaning and intent of this section. It is not a use of the road at all, but total destruction of it, presumably for the purpose of repairing it. Such a "use," if we so call it, was entirely proper; and the offense, if one was committed, was in allowing the bridge to remain down unreasonably long. But, even if the section applies, there is nothing in its language to prevent the Circuit Court from exercising jurisdiction over the offense, and inflicting the punishment prescribed by indictment in the usual way.

The next section relied on is section 4335: "Any person who shall willfully obstruct, injure or destroy any of said public roads or bridges, * * * or who shall without right take possession of or use or appropriate the same, shall be fined for each offense not less than five nor more than fifty dollars, to be recovered in like

[24]

manner as fines against contractors, and shall also be
made liable in a civil action for double damages to the
county, or any person aggrieved or injured, to be recovered
in any court in the county having jurisdiction of the
amount claimed. It shall be the duty of the supervisor
or overseer and his assistants, and of all constables, town
marshals and sheriffs, to report promptly to the county
judge or some justice of the peace, all violations of this
act." As "fines against contractors" are to be recovered
under section 4316 by warrant in the name of the Com-
monwealth, issued by the judge of the Quarterly Court,
it is insisted that the fines denounced in the section quoted
are in like manner to be recovered by warrant before the
Quarterly Court judge. Even if we admit that the offense
defined in this section is punishable only by warrant in
the Quarterly Court, still, unless the offense committed
by the appellee is the offense denounced by this section,
it does not follow that the Quarterly Court has exclusive,
or any, jurisdiction of it. And we think the offense with
which appellee is charged is not the offense denounced by
this section. As we have already indicated, the company
did not willfully obstruct, injure, or destroy this bridge.
It is not so charged. It is charged with taking down the
bridge—its own bridge—and permitting it to stay down
for three months, thereby obstructing the public travel
for that time. The duty the company owed the public un-
der these circumstances was to tear down its bridge, if
it was dangerous, and to restore it for safe use within
the shortest practicable time. This duty may not be pre-
scribed by any positive statute, but such was its duty
at the common law. Paducah & E. R. Co. v. Com. 80 Ky.
149; Shearman & Redfield Neg., section 452. The failure to
perform this duty, resulting, as it must, in unnecessarily ob-

structing the public travel, is a common law offense—a
nuisance at the common law, and punishable on common
law principles.   In case of ordinary obstructions to pub-
lic roads, such as we conceive the statute embraces, the
supervisor or overseer has the right of entering on the
road, and of removing the obstructions; but it will not do
to say that he may interfere in any way with the over-
head bridges of railways or other crossings erected by
such companies where the lines of public highways and
railroads intersect.   The obstruction in such case, if any
there be, is on the company's right of way, and, ordi-
narily, its agents only may correct the evil, and abate the
nuisance.   Cases might arise, it is true, where the abate-
ment could be made otherwise.   We think the common law
remedy in the class of cases under consideration, and in all
cases of obstruction of public ways by railroad companies
on their right of way, was not intended to be interfered
with by the section quoted, or by any provision of our
statutes on the subject.   The court therefore should not
have sustained what is termed in the order the "special
demurrer to the jurisdiction of the court," or dismissed
the indictment for that reason.   But whether it ought not
to have sustained the general demurrer of the company
presents a different question.   If it should, then the dis-
missal of the indictment was proper, although for the
wrong reason.

It was not a public offense for the company to have
taken down its bridge; nor can we know it was such an
offense for it to have kept it down for three months,
even if this resulted, as charged, in the "obstruction of
the public road," and in the "inconvenience of the travel-
ing public."   The offense in such a case, as we have seen,
consists in suffering its bridge to remain down an un-

reasonable length of time, or in not replacing it within the shortest practicable time. See Louisville & N. R. R. Co. v. Com. 19 Ky. Law Rep., 455, [40 S. W. 913]. There is no such charge in the indictment, and no language from which such charge can fairly be inferred. At last, therefore, a demurrer was properly sustained, and the indictment properly dismissed. Therefore the judgment is affirmed.